UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JIMMIE LIVINGSTON JR.,** | ) |
| **Plaintiff** | ) ) ) |
| v. | ) ) No. 2:24-cv-00138-JAW |
| **STATE OF MAINE et al.,** | ) ) ) |
| **Defendants** | ) ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Jimmie Livingston Jr.'s application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that when a party proceeds *in forma pauperis* a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

In his complaint, Livingston names the State of Maine and the "U.S. Government" as defendants. *See* Complaint at 1-2. He invokes federal question jurisdiction but cites only the Maine Constitution. *See id.* at 4 (citing Me. Const. art I, §§ 1, 3). His allegations are as follows: "State of Maine has violated my religion by: failure to pay daily wages to live[.] No other God besides mine (Micah 4.) Electronic interference[.] Un-identified aircraft intimidation over me." *Id.* at 5. He seeks "[$]150 million [for] false imprison[ment] using a perversion of bible that caused [his]

1

slavery here [and] failure to protect property" as well as "$7,000 for loss of marked mini-van due to ethnic sabotage" and to be "[r]elocated out of the U.S. from all forms of Domestic Terrorists." *Id.* at 5-6.

Livingston's complaint does not pass muster. The United States is immune from state constitutional claims. *See Rich v. United States*, 158 F. Supp. 2d 619, 630 (D. Md. 2001) ("Plaintiffs have not shown that the United States has waived its sovereign immunity as to State constitutional claims. . . . When a plaintiff has failed to establish a waiver of sovereign immunity, a federal court lacks jurisdiction to hear the case."). Maine's alleged violations of its own constitution do not present a federal question. *See* 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties *of the United States*." (emphasis added)). And even if jurisdiction were proper and the defendants were amenable to suit, Livingston's complaint is hopelessly vague and has all the hallmarks of being factually frivolous. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (noting that claims are "factually frivolous" when they are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"—i.e., "when the facts alleged rise to the level of the irrational or the wholly incredible" (cleaned up))

For these reasons, I recommend that the Court **DISMISS** Livingston's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 24, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge